DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,

v.

CLINCHFIELD COAL COMPANY and Emerson G. Bossard, Respondents.

No. 77–1303.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 12, 1977.

Decided April 4, 1978.

---

**6.** No question is made of any such facility located in a street on federal lands or a railway right-of-way.

Mark E. Solomons, Atty., U. S. Dept. of Labor, Washington, D. C. (Carin Ann Clauss, Sol. of Labor, Laurie M. Streeter, Associate Sol., Ronald E. Meisburg, Atty., U. S. Dept. of Labor, Washington, D. C., on brief), for petitioner.

J. Thomas Fowlkes, Abingdon, for respondent Clinchfield Coal Co.

Glenn R. Tankersley, Big Stone Gap, Va. (H. Ronnie Montgomery, Jonesville, Va., on brief), for respondent Emerson G. Bossard.

Before FIELD, Senior Circuit Judge, and WIDENER and HALL, Circuit Judges.

**PER CURIAM:**

Emerson G. Bossard, a 64 year old individual, began working in the coal mines in 1937. He worked off and on in the coal mines until 1974 when, at age 62, he terminated all employment. He felt that he was unable to work any longer.

On July 9, 1973, Bossard filed a claim for black lung benefits which claim would have been governed by the transition statute, 30 U.S.C. § 925, added to Part B of the Black Lung Act in 1972, and which statute governed black lung claims filed from July 1, 1973 through December 31, 1973.

A hearing was held on Bossard's claim and the hearing officer found that Bossard was totally disabled due to black lung arising out of coal mine employment. However, the hearing officer also held that the three year statute of limitations which is contained in Part C of the Act, which governs claims filed from and after January 1, 1974 to date, barred recovery against the company, Clinchfield Coal. 30 U.S.C. § 932(f)(1). The hearing officer did award benefits to Bossard, but held that the Secretary of Labor was responsible for payment thereof. He reasoned that the three year statute of limitations did not run in favor of the government.

The Director, Office of Workers' Compensation Programs, filed a timely appeal with the Benefits Review Board seeking a reversal of the holding of the hearing officer that the Part C statute of limitations, 30 U.S.C. § 932(f)(1) was applicable to transition claims filed under the Part B transition statute, 30 U.S.C. § 925. The Benefits Review Board, in a decision January 24, 1977, affirmed the hearing officer's decision. *Bossard v. Clinchfield Coal Co.*, 5 B.R.B.S. 374 (1977). The Director, Office of Workers' Compensation Programs appealed.

Following oral argument, we took this case under advisement pending action by the Congress on amendments to the Black Lung Act. Congress has now passed, and the President has signed, the Black Lung Benefits Reform Act of 1977 which is effective March 1, 1978. See Public Law No. 95–239, 92 Stat. 95 (1978).

In light of the substantial amendments to the Black Lung Act, including § 7(f) thereof, modifying the three year statute of limitations contained in 30 U.S.C. § 932(f)(1), 92 Stat. at 99, and also including § 15 thereof which adds an entirely new section, 30 U.S.C. § 945, which deals with review of pending and previously denied claims, 92 Stat. at 103–105, this case is remanded to the Benefits Review Board for expedited treatment in light of the Black Lung Benefits Reform Act of 1977. See, Conference Report, Black Lung Benefits Reform Act of 1977, Report No. 95–864, February 2, 1978 at 21, U.S.Code Cong. & Admin.News 1978, p. 465.[1]

*REMANDED.*

---

1. We note that Bossard filed his claim for black lung benefits on July 9, 1973. We further note, that under the provisions of the Black Lung Benefits Reform Act of 1977, § 15(c), 92 Stat. at 105 that benefits may be awarded under the amended Act, on a retroactive basis for a period which begins no earlier than January 1, 1974.

We express no opinion at this time concerning Bossard's eligibility for benefits from July 9, 1973, the date on which he first filed for benefits under the transition statute, 30 U.S.C. § 925, through January 1, 1974, the cut-off date for an award of retroactive benefits under the Black Lung Act, as amended.